UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YELLOWPAGES PHOTOS, INC.,

    Plaintiff,

v.                                                                    Case No: 8:17-cv-764-T-36JSS

YP, LLC and PRINT MEDIA LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Attorneys' Fees and Costs ("Motion for Fees") (Dkt. 238), Plaintiff's Motion to Stay Consideration of Defendants' Motion for Fees ("Motion to Stay") (Dkt. 242), and Defendants' Response to Plaintiff's Motion to Stay (Dkt. 247). Upon consideration and for the reasons that follow, the Court recommends that the Motion for Fees be denied without prejudice and the Motion to Stay be denied as moot.

## BACKGROUND

In this action, Plaintiff Yellowpages Photos, Inc. ("Plaintiff") asserts claims for copyright infringement against Defendant YP, LLC and Print Media LLC (together, "Defendants"). (Dkt. 45.) At the conclusion of discovery, Defendants moved for summary judgment (Dkt. 119), which the Court granted in part and denied in part. (Dkt. 196.) Subsequently, Defendant Print Media LLC filed a supplemental motion for summary judgment (Dkt. 220), which the Court granted, resolving all pending

claims between the parties. (Dkt. 235.) The Court then entered Final Judgment in favor of Defendants against Plaintiff and directed the Clerk to close the case. (Dkt. 236.)

Shortly thereafter, Defendants filed the Motion for Fees, seeking an award of $2,270,595.31 in attorneys' fees and $123,600.08 in costs. (Dkt. 238.) Plaintiff then filed a notice of appeal of the Court's entry of summary judgment and Final Judgment. (Dkt. 241.) After filing the notice of appeal, Plaintiff filed the Motion to Stay, asking the Court to stay briefing and consideration of Defendants' Motion for Fees pending a decision on the appeal, or, in the alternative, for an enlargement of time to respond. (Dkt. 242.)

## APPLICABLE STANDARDS

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ.

P. 54(d) advisory committee's note to 1993 amendment (providing that"[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2020 WL 886867, at *1 (M.D. Fla. Feb. 24, 2020); *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FTM-38CM, 2019 WL 8370780, at *1 (M.D. Fla. July 10, 2019) ("The district court may also deny a motion for attorneys' fees without prejudice with leave to refile after the appeal has concluded."); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorneys' fees without prejudice and with leave to re-file after entry of appellate court's mandate); *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

## ANALYSIS

Rather than resolving the Motion for Fees during the pendency of the appeal, the ends of justice would be better served by denying the motion without prejudice and with leave to re-file after the conclusion of the appeal. *See Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03-cv-985-ORL-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"). Immediate resolution of the Motion for Fees is unwarranted given the

procedural posture of the case. *See Short*, 2019 WL 8370780, at *1. Moreover, resolution of the collateral issue of attorneys' fees and costs "is unlikely to assist the Court of Appeals," and such issues are "often resolved in appellate mediation." *S.-Owners Ins. Co.*, 2013 WL 6893254, at * 1.

In opposition to Plaintiff's Motion to Stay, Defendants argue a deferred ruling on the Motion for Fees would be detrimental to the interests of judicial economy and result in "'piecemeal appeals' to the Eleventh Circuit." (Dkt. 247 at 6.) In support, Defendants cite to the decision in *Truesdell v. Thomas*, No. 5:13-cv-552-OC-10PRL, 2016 WL 7049252, at *3 (M.D. Fla. Dec. 5, 2016). However, in *Truesdell*, the Court noted that "[t]he better part of wisdom here appears to weigh in favor of continuing to defer ruling until attorney's fees and costs can be definitely determined. Indeed, attorney's fees and costs motions tend to be tedious and time consuming, both for the parties as well as for the Court." 2016 WL 7049252, at *3. This reasoning applies equally here. Defendants seek a large award of fees and costs which, if awarded at this juncture, may need to be recalculated, repaid, reimbursed, or offset, depending on the outcome of the appeal. *See Truesdell*, 2016 WL 7049252, at *2. As such, the interests of justice, efficiency, and judicial economy are best served by a denial of Defendants' Motion for Fees without prejudice and with leave to re-file after conclusion of the appeal. *See S.-Owners Ins. Co.*, 2013 WL 6893254, at *1.

Accordingly, it is **RECOMMENDED** that Defendants' Motion for Attorneys' Fees and Costs (Dkt. 238) be **DENIED** without prejudice and with leave to re-file within thirty days of the entry of a mandate by the Court of Appeals on Plaintiff's pending appeal. It is further **RECOMMENED** that Plaintiff's Motion to Stay Consideration of Defendants' Motion for Fees (Dkt. 242) be **DENIED as moot**.

**IT IS SO REPORTED** in Tampa, Florida, on October 29, 2020.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record